N7L8ZEAC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         23 Cr. 180 (KPF)

ANA GABRIELA RUBIO ZEA,

            Defendant.

------------------------------x
                                       New York, N.Y.
                                       July 21, 2023
                                       2:15 p.m.

Before:

             HON. KATHERINE POLK FAILLA,

                                       District Judge

                      APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
NICHOLAS BRADLEY
    Assistant United States Attorney

KENNETH MONTGOMERY
    Attorney for Defendant


Also present:  CHRISTINA VENABLE, Pretrial Services
               QIJI WANG, DEA
```

1              (In open court; case called)

2              THE DEPUTY CLERK:  Will counsel please state their

3     names for the record, beginning with the government.

4              MR. BRADLEY:  Good afternoon, your Honor.  Nicholas

5     Bradley for the government.  I am joined at counsel table by

6     Special Agent Qiji Wang of the DEA.

7              THE COURT:  Thank you very much.  Good afternoon.

8              And someone else perhaps at your table?

9              MR. BRADLEY:  Yes, your Honor.  Also, Pretrial

10    Services Officer Christina Venable.

11             THE COURT:  Thank you.

12             Mr. Montgomery, welcome.

13             MR. MONTGOMERY:  Kenneth Montgomery for my client, Ms.

14    Zea.

15             THE COURT:  If I may ask, sir, how does your client

16    prefer to be addressed, as Ms. Rubio Zea, as Ms. Rubio, as Ms.

17    Zea, if she has a preference?

18             THE DEFENDANT:  Ms. Rubio is fine.  Thank you.

19             THE COURT:  Please be seated.

20             Mr. Bradley, it is my intention this afternoon to

21    conduct both a presentment and an arraignment in this case.  Is

22    that your understanding as well, sir?

23             MR. BRADLEY:  Yes, your Honor.

24             THE COURT:  Mr. Montgomery, yours as well, sir?

25             MR. MONTGOMERY:  Yes, your Honor.

1           THE COURT:  Mr. Montgomery, one other thing, please.

2           I understood that initially there was a case that was

3    before me and assigned to me; there was a case that was

4    assigned to Judge Caproni.  For efficiency, my understanding is

5    that both charging instruments are being assigned to me.

6           Are you aware of that, sir?

7           MR. MONTGOMERY:  As of now I am.

8           THE COURT:  Let's take a moment and make sure.  Here

9    is what I have, sir.  I want to make sure you have both

10   charging instruments in case you need to take a moment to

11   review both of them with your client.

12          One of them -- we will see what needs to be unsealed.

13   One has the docket number S1 23 Cr. 42.

14          Do you have that one, sir?

15          MR. MONTGOMERY:  I looked at that online, your Honor.

16   I have 23 Cr. 180.

17          THE COURT:  We will have Mr. Bradley explain to us.

18   At the moment, I believe, I have them as two different charging

19   instruments.  Whether further on in this case there is some way

20   of amalgamating them, or doing something else entirely, we can

21   talk.  But I believe that the way in which the investigations

22   progressed are such that there are two charging instruments.  I

23   will ask Mr. Bradley to explain to both of us so I am not

24   misspeaking.

25          MR. BRADLEY:  That is correct.  There are two charging

instruments in this case.  The broader and previously unsealed indictment, marked under 23 Cr. 180, which joins the defendant with her multiple other codefendants, I believe that's 22 codefendants.

Prior to that, there was a sealed indictment with the exact same charges that are also marked against Ms. Rubio in 23 Cr. 180.  That other indictment, your Honor, is docketed under S1 23 Cr. 42, which the government respectfully moves to unseal at this time.

THE COURT:  That motion is granted.  The superseding indictment S1 23 Cr. 42 is unsealed.

Mr. Bradley, just so that Mr. Montgomery and I are aware of the government's thoughts on this issue.  Is it your contemplation that just for purposes of today's proceeding, I am arraigning Ms. Rubio on both charging instruments, and that going forward, perhaps as a result of discussions between you and Mr. Montgomery, there may be discussions about the possibility of proceeding on one as opposed from the other or having them somehow blended in a further superseding charging instrument; is that your understanding?

MR. BRADLEY:  That is, your Honor.  For the record, the government does intend to proceed going forward on the 23 Cr. 180 indictment, subject to those discussions that the Court referenced.

THE COURT:  Mr. Montgomery, given that, sir, do you

1  want to take a moment to review 23 Cr. 180, whichever one you
2  don't have a copy of.
3           MR. MONTGOMERY:  I actually talked about that with Ms.
4  Rubio earlier today.
5           THE COURT:  She has discussed both of them with you,
6  sir?
7           MR. MONTGOMERY:  Yes.
8           THE COURT:  She is prepared to be arraigned on both of
9  them, sir?
10          MR. MONTGOMERY:  Yes, she is.
11          THE COURT:  I appreciate knowing that.  Thank you very
12  much.
13          Mr. Montgomery, going forward in this proceeding, may
14  I address your client directly?
15          MR. MONTGOMERY:  Yes, your Honor.
16          THE COURT:  Thank you so much.
17          Ms. Rubio, I am Judge Failla and I am the judge to
18  whom these two cases have been assigned.  You have heard me use
19  the terms "presentment" and "arraignment" this afternoon, so
20  let me speak to you about what they are.
21          The presentment is your first appearance here in
22  court.  And in this appearance, what we would be doing is
23  talking about the rights that you have, talking about the
24  appointment of counsel, talking about bail, if that's something
25  we are going to be discussing today, and talking generally

1    about the charges.

2    In the arraignment component of today's proceeding, I
3    will be speaking to you about the two charging instruments you
4    just heard me discuss with your attorney.  I will take your
5    plea on both of them.  We will talk about the discovery in this
6    case.  We will talk about other things that are commonly done
7    in the first conference on the matter.  What I do like to
8    underscore is that the most important thing is that you
9    understand what is going on.  If something I say is unclear,
10   please let me know or please let your attorney know.

11   Before this proceeding began, Ms. Rubio, I was advised
12   by your attorney that you speak English fluently and that you
13   did not have a need for an interpreter.  Is that correct?

14   THE DEFENDANT:  Yes, your Honor, that's correct.

15   THE COURT:  I will ask you to bring the microphone a
16   little bit closer to you.

17   Mr. Bradley, let me ask, was there a time of arrival
18   last night for Ms. Rubio?

19   MR. BRADLEY:  There was, your Honor.  Just to give a
20   sense of the timeline, the defendant arrived on an extradition
21   from Guatemala.  She was transferred to U.S. custody at
22   approximately 9:30 a.m. yesterday.  She arrived in this
23   district at the White Plains airport by DEA aircraft at
24   approximately 10 p.m. yesterday.

25   THE COURT:  Thank you for letting me know.

1           Ms. Rubio, you have a right to have counsel represent
2  you in this and all proceedings in your prosecution.  If and to
3  the extent that you cannot afford an attorney, one is appointed
4  for you at public expense, free of cost to you, in order to
5  represent you.  In connection with today's proceeding, I was
6  given a document that I know to be -- it's called a Form CJA
7  23.  It is an affidavit about your finances.
8           I am going to hold up a copy of the document and ask
9  you if you are able to see it from where you're sitting.
10           THE DEFENDANT:  Yes, your Honor.
11           THE COURT:  Is this a document that you reviewed with
12  your attorney this afternoon?
13           THE DEFENDANT:  Yes, your Honor, I did.
14           THE COURT:  Ms. Rubio, there is a signature where my
15  finger is pointing.  Is that your signature on the document?
16           THE DEFENDANT:  Yes, your Honor, that's my signature.
17           THE COURT:  Before you signed this document, is it
18  correct that you reviewed it with your attorney to ensure that
19  what was in it was correct?
20           THE DEFENDANT:  Yes, your Honor, I did.
21           THE COURT:  Can I ask you, please, to stand and to
22  raise your right hand.
23           Ms. Rubio, do you swear that the statements contained
24  in your financial affidavit are true, to the best of your
25  knowledge and belief, so help you God?

1          THE DEFENDANT:  Yes, your Honor, I swear.

2          THE COURT:  Thank you.  Please be seated.

3          I am going to approve this affidavit.  Then I am going

4   to appoint Mr. Montgomery in order to represent you in this

5   matter.  Please excuse me while I just complete this form.

6          Ms. Rubio, you have a right to remain silent, and let

7   me explain to you what I mean by that.  You're not required to

8   make any statement here or to law enforcement authorities.  If

9   you begin to make a statement, you can stop at any time.  If

10  you have already made statements to law enforcement

11  authorities, you don't need to say any more, but if you have

12  made a statement, that statement may be used against you at

13  trial and at other proceedings.

14         Do you understand that?

15         THE DEFENDANT:  Yes, your Honor, I do.

16         THE COURT:  Thank you.

17         So, Ms. Rubio, I have been given two documents.  Let

18  me take them in order I suppose.

19         The first one I have is a sealed superseding

20  indictment; it's just been unsealed.  It says in the upper

21  right-hand corner S1 23 Cr. 42.

22         Do you see a copy of that document nearby?

23         I can hand the copy that I have stolen from Mr.

24  Bradley.

25         Let's do that, please.

1            MR. MONTGOMERY:  Thank you.

2            THE COURT:  Of course.

3            Ms. Rubio, I am going to ask you a series of questions
4    on both of these charging instruments; they are the same
5    questions.

6            The first one is, and I know you have because I have
7    just given you an opportunity to do so, have you had an
8    opportunity to review this indictment?

9            THE DEFENDANT:  Yes, I have, your Honor.

10           THE COURT:  Have you had a chance as well to discuss
11   it with your attorney?

12           THE DEFENDANT:  Yes, I have, your Honor.

13           THE COURT:  Would you like me to read this document
14   into the record of the court or do you waive its public
15   reading?

16           THE DEFENDANT:  No.  I'm okay.  Thank you.

17           THE COURT:  I understand that to mean a waiver of your
18   right to have it read into the record of the court, and that's
19   fine.  I won't read it.

20           How do you plead?

21           THE DEFENDANT:  Not guilty, your Honor.

22           THE COURT:  We will record that not guilty plea.
23   Thank you.

24           Now, I believe you have another document in front of
25   you, and that's the one your counsel is pointing to.  It is 23

N7L8ZEAC

1  Cr. 180.  As to this document, the same four questions.
2              Have you read this document, Ms. Rubio?
3              THE DEFENDANT:  Yes, your Honor.
4              THE COURT:  Have you had an opportunity to speak about
5  it with your attorney?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  Would you like me to read this document
8  into the record of the court?
9              THE DEFENDANT:  No, your Honor.  Thank you.
10             THE COURT:  How do you plead?
11             THE DEFENDANT:  Not guilty.
12             THE COURT:  We will record that plea as well.  Thank
13 you.
14             Mr. Bradley, returning to you, sir.
15             There are certain disclosure obligations that the
16 government has as a result of Federal Rule of Criminal
17 Procedure 5.  I will be entering an order later today outlining
18 those obligations.  But my suspicion is, sir, that you have
19 other cases in which those obligations have been reviewed with
20 you; is that correct?
21             MR. BRADLEY:  It is, your Honor.
22             THE COURT:  May I please understand that you and your
23 prosecution team are aware of the government's disclosure
24 obligations, their continuing nature, and the penalties for
25 noncompliance with them?

1          MR. BRADLEY:  That's correct, your Honor.  We are
2     aware, and we will continue to comply with those obligations.
3          THE COURT:  Thank you very much.  And I will enter the
4     order later today.
5          Let me please understand, Mr. Bradley, what is the
6     discovery in this case?
7          MR. BRADLEY:  Thank you, your Honor.
8          The discovery in this case is wide-ranging, but I will
9     focus specifically on the discovery as to Ms. Rubio.
10         That would consist primarily of law enforcement
11    reports and records, recordings of conversations between the
12    defendant and an undercover DEA officer, screenshots of
13    electronic communications over WhatsApp and other encrypted
14    channels between the defendant and that undercover agent.
15    Additionally, an extraction of the defendant's iCloud account
16    that contains additional co-conspirator communications and
17    accompanying financial records.
18         THE COURT:  Please slow down for the judge.  I am just
19    trying to take notes of it.  Thank you.
20         MR. BRADLEY:  Of course, your Honor.
21         THE COURT:  Please continue.
22         MR. BRADLEY:  An extraction of the defendant's iCloud
23    account that contains additional co-conspirator communications
24    between the defendant and others, and also, related financial
25    statements showing the defendant's acquisition of fentanyl

1  precursor chemicals on behalf of the Sinaloa cartel, and also
2  efforts to conceal those purchases, which lie at the heart of
3  the money laundering conspiracy obligations in the indictment.
4         Finally, your Honor, there will be documents,
5  photographs, and lab reports from drug seizures in connection
6  with the defendant's conduct, specifically of fentanyl
7  precursor shipments by the defendant, including one
8  one-kilogram shipment to an undercover DEA mailbox, and a
9  larger 25-kilogram fentanyl precursor shipment that was seized
10 in Mexico.
11        THE COURT:  Sir, do you have a sense and have you
12 spoken with Mr. Montgomery about a timetable for the production
13 of this information?
14        MR. BRADLEY:  I haven't spoken about that with Mr.
15 Montgomery yet, your Honor.  I would expect that the government
16 can begin a rolling production of those materials in
17 approximately three weeks, supplementing that thereafter.
18        THE COURT:  Mr. Bradley, I am about to ask you a
19 question you may not be able to answer.  There are many
20 defendants on the 180 indictment, 23 Cr. 180, and sometimes in
21 those cases I am asked by defense counsel about the possibility
22 of appointing a coordinating discovery attorney.  If you
23 believe that all of these folks or some substantial portion of
24 them will make their way to this district, then I may have a
25 more robust conversation with counsel about the propriety of a

coordinating discovery attorney. If you think that I will see Ms. Rubio and no one else, that's a thought as well. Is it the government's contemplation that even if it takes a period of time, the folks on this indictment will make their way here?

MR. BRADLEY: That's a difficult question to say, your Honor. There are a number of pending extradition requests that I can make the Court aware of to a number of different countries. They all proceed on different timetables. I am sure the Court is also aware of publicly available media reports about how some of those extradition efforts in certain countries have been difficult, and in some cases unsuccessful. However, your Honor, with respect to the question of the number of defendants that will eventually be here, I would expect that there will be more defendants coming into the district in due course.

And with respect to the need for a coordinating discovery attorney, I think that's certainly a conversation worth having as more defendants come into the district. But for now, given the number of defendants who have been presented, and the discovery that the government has on-boarded and is reviewing and preparing for discovery, I believe we can manage it appropriately without the need for a discovery master at this time.

THE COURT: Thank you.

Sir, are there post-arrest statements from Ms. Rubio

1   of which you're aware?

2   MR. BRADLEY:  No, your Honor, there are not.

3   THE COURT:  Are there victims who require notification
4   under the Crime Victims' Rights Act?

5   MR. BRADLEY:  No, your Honor.

6   THE COURT:  Mr. Montgomery, let me speak with you,
7   sir.

8   I appreciate that you're just getting into this case
9   and it's too much to ask you to know exactly what you want to
10  do.  I mentioned the issue of the coordinating discovery
11  attorney in case that's a conversation you wish to have with
12  Mr. Bradley and with Mr. Nelson, I believe, at the CJA
13  administrative offices.  If that's something you think is
14  appropriate, you will let me know in due course.  I am not
15  making you do it.  I just wanted to know.

16  Sir, do you have a sense at this time about a
17  timetable for returning before me?

18  MR. MONTGOMERY:  Your Honor, I would imagine a 30- to
19  60-day.

20  THE COURT:  That's fine.  My sense, sir, without
21  knowing, is that the rolling production probably would not get
22  started for two weeks or so.  So I was thinking perhaps closer
23  to the 45- to 60-day mark.

24  MR. MONTGOMERY:  I think that's fair.

25  THE COURT:  The problem for me is I am told that I am

1  going to be on a six-week trial beginning September 11.  Again,
2  not insurmountable.  We can see what we can do.  Please give me
3  a moment to look at my calendar.
4          Sir, at the moment, given my calendar, I could do
5  Friday, September 22 at 4 p.m.  Might that work for both
6  parties?  And if you need to speak with each other, that's
7  fine.
8          MR. MONTGOMERY:  That's fine.
9          MR. BRADLEY:  That works for the government, your
10 Honor.
11         THE COURT:  It will just be at the end of my trial
12 day.
13         Mr. Montgomery, I should have asked about your views
14 on the issue of a bail application.  My expectation, given the
15 circumstances that preceded Ms. Rubio's arrival, is that at
16 least in the short-term you might be consenting to detention
17 without prejudice to a bail application.
18         MR. MONTGOMERY:  That's accurate, your Honor.
19         THE COURT:  I figured it was so soon in time that you
20 would need a little bit more time.  So that's fine.
21         Can I ask you then, Mr. Montgomery, to take a moment,
22 if you haven't done so already, to speak with your client about
23 the Speedy Trial Act in contemplation of an application the
24 government I think is going to make.  Let me just confirm a
25 couple of things first.

1        Mr. Bradley, are there other things about this case
2   that you would like me to know that I haven't given you an
3   opportunity to tell me?
4        MR. BRADLEY:  No, your Honor.  I believe it's been
5   covered.
6        THE COURT:  Thank you, sir.
7        Mr. Montgomery, I should ask you if there is anything
8   specific to your client that you would like me to know at this
9   time.  It obviously doesn't prejudice you in telling me at some
10  later date, but if there are things now.
11       MR. MONTGOMERY:  Yes.  There is, your Honor.
12       There are actually a few medical issues.  One, she
13  requires a breast pump.  She has a very young child back at
14  home in Guatemala and she still needs to take care of that
15  medical condition.  And she also needs medicine for her, she
16  suffers migraines, if we can get that addressed.  And allergies
17  as well.
18       THE COURT:  Thank you.
19       It will take me a moment or two, counsel, in order to
20  locate and prepare a medical attention form.  So during that
21  time, Mr. Montgomery, I will ask you to take the time that you
22  need to speak about the Speedy Trial Act.  Thank you.
23       MR. MONTGOMERY:  We are ready to proceed.
24       THE COURT:  Thank you.  I will just need a bit more
25  time.

1   Counsel, it will take me a little bit more to find the
2   medical attention form.
3   Let me begin with the government's application, Mr.
4   Bradley.
5   MR. BRADLEY:  The government would respectfully move
6   to exclude time between today and the date of the next
7   scheduled conference on September 22nd of 2023 under the Speedy
8   Trial Act.  Specifically, pursuant to Title 18 of the United
9   States Code, Section 3161(h)(7)(A), the government would
10  respectfully submit that the proposed exclusion of time would
11  serve the ends of justice, so that the government can produce
12  discovery, which is voluminous, to defense counsel and the
13  defendant, so that the defense can review that discovery with
14  an eye towards potential motion practice, and so that the
15  parties can begin exploring preliminary discussions about a
16  potential resolution.
17  THE COURT:  Mr. Montgomery, your client's position.
18  MR. MONTGOMERY:  At this time, Ms. Rubio consents to
19  that, your Honor.  I have explained to her the speedy trial
20  statute, as well as the other underlying arguments and concerns
21  concerning that, and we consent at this point.
22  THE COURT:  May I address your client directly on this
23  point?
24  MR. MONTGOMERY:  Yes.
25  THE COURT:  Thank you.

1          Ms. Rubio, I saw that you had an opportunity to speak
2     with Mr. Montgomery about the Speedy Trial Act, and I wanted
3     you to have that conversation with him so that you wouldn't be
4     surprised by the discussions that I was having with counsel.
5     It is very common to exclude time under the Speedy Trial Act
6     between the first and second conferences in a criminal case,
7     and that is because during that time period discovery is
8     exchanged, you have the opportunity to speak with your attorney
9     about your case, about the discovery that's being produced and
10    about the options available to you, and it is just so important
11    to your case that I think that time needs to be as long as it
12    needs to be.
13         What I am going to do is I am going to make a finding
14    as a result of the discussions I just had with your attorney
15    and with the attorney for the government.  The finding that I
16    am making is that the ends of justice that are served by
17    excluding the period of time between today's date and September
18    22nd outweigh the interest that you have and that the public in
19    general has in you getting to trial more quickly.  Once again,
20    that's because I want to be sure your attorney has a chance to
21    receive discovery from the government, to review it
22    meaningfully, to speak with you about it at whatever length it
23    requires, and to talk to you about the options available to
24    you.  So time is excluded between today's date and the 22nd of
25    September.

1           Do you understand what I have just said?
2           THE DEFENDANT:  I completely understood, your Honor.
3           THE COURT:  Thank you very much.
4           One moment, please.
5           Sir, just to confirm what you said, Mr. Montgomery.
6  She is lactating at this time; she needs a breast pump?
7           MR. MONTGOMERY:  Yes, your Honor.
8           THE COURT:  I will make that notation.
9           Mr. Bradley, I appreciate your patience.  Is there
10 anything else you would like me to know in this proceeding?
11          MR. BRADLEY:  Not from the government, your Honor.
12          THE COURT:  Mr. Montgomery, is there anything else you
13 would like me to know in this proceeding?
14          MR. MONTGOMERY:  No, your Honor.
15          THE COURT:  I thank you all very much.  I will see you
16 in September, if not sooner.
17          May I please give to the marshals the medical
18 attention form?  Thank you.
19          We are adjourned.  Thank you so very much.
20          (Adjourned)